LENOX *against* PIKE.

ERROR *to Arkansas Circuit Court.*

Where, to the transcript of the record sent up to the Supreme Court a paper is found appended, purporting to be a statement of the testimony given in the case, detailing the evidence, signed by the judge below, and marked filed by the clerk, it is no part of the record, and cannot be regarded in the Supreme Court.

Whatever proceedings or facts the law or the practice of the courts requires to be enrolled, constitute and form a part of the record—such as all judicial writs and process, the finding of the jury, the judgment of the court, and the like.

Whatever is not necessary to be enrolled, such as oral and written testimony, exceptions, &c., constitute no part of the record, unlesss they are expressly made so by order of the court, by agreement of parties, by demurrer to evidence, *by oyer,* by bill of exceptions, or by special verdict.

The statement of the evidence in this case, must be regarded as a mere loose paper on the files of the clerk, or the memorandum of the judge of his notes on the trial.

If a party wishes to avail himself of any matter upon error, which does not necessarily appear of record, he must file exceptions at the trial, or request a special verdict.

Even if the statement of testimony in this case could be considered as a bill of exceptions, still it could not be considered in the Supreme Court, as it does not appear to have been taken during the trial, or upon any motion made in the court below.

Bills of exceptions are only allowable during the trial, and that they were then taken must appear on their face. If reduced to form, and signed, after the trial, it must appear that they were *taken* at the trial.

He who impeaches the judgment of an inferior court, is bound to show to the appellate tribunal in what the error consists, of which he complains. He must be able to lay his finger upon the error, and *point it out,* if he *seeks to* reverse or correct it.

And in the appellate court, every thing will be presumed in favor of the verdict, and the judgment of the court below, except what is affirmatively disproved by the record, or what the court is bound judicially to take notice of.

A verdict in detinue, finding the slaves in the declaration mentioned, to be the property of the plaintiff, affixing their value severally and respectively, finding their detention by the defendant, and awarding a certain amount of damages for the detention, is valid.

This was an action of detinue, commenced in the court below by Pike and wife and Smith and wife, against Lenox, for certain slaves. The declaration was in the usual form. The defendant pleaded the general issue, to which the plaintiff joined issue, and the case was tried by a jury. The jury found the slaves to be the property of the plaintiffs, found their values respectively, amounting in the aggregate to $3,500, and $2,710 for their hire.

Immediately after the entry of the judgment, in the transcript of the record, follows a bill of exceptions, stating simply, that defendant moved for a new trial, because the verdict was contrary to law and evidence, which motion was overruled by the court, to which defendant excepted.

Lenox *against* Pike.

Then follows a paper, commencing in this way: " The following is the testimony on the part of the plaintiff," &c., detailing all the testimony, and concludes thus: " A copy of the record in this cause, as also the order of the court directing the sale which here insert. *E. L. Johnson, Judge. Filed October* 12, 1838. *Geo. W. Stokes, Clerk.*

As the case was decided on a preliminary point, it is unnecessary to state the facts of the case.

FREEMAN, ASHLEY, & WATKINS, for plaintiff in error:

Is the record in this case sufficient to raise a question of law? All objections to the return of the clerk to the writ of error, are waived by the argument and submission of the case to the court upon that record.

If, then, this case goes off, upon the merest technicality, and not upon its merits, upon the failure of the Judge below to incorporate the evidence upon a bill of exceptions, according to the *forms* of law, when such was evidently his intention, and when, by the law of the land, the plaintiffs below had no right to recover, it will be an outrage upon justice, and a scorn and reproach to the law.

See cases cited in the case of *Gray* vs. *Nations,* 1 *Ark. Rep.* 557, showing the right of certifying the evidence in the case.

The court will find upon reference to the assignment of errors, and the joinder thereto, that the testimony, as certified by the Judge below, is claimed by the one, and tacitly admitted by the other to be a part of the record. Otherwise, if the assignment of errors was so irregular as to allege error by means of a paper which was not a part of the record, the defendants here ought to have pleaded the assignment, or more properly moved to strike it off the files of the court. This they did not do. Since the defendants in error rely upon the technical objections, we pray the court to notice every feature in the case which will enable it to take cognizance, and do justice between the parties. What can be the object of requiring an assignment of errors, and a joinder thereto, if they do not bind and preclude the parties as other pleadings?

PIKE, *contra:*

This court is entirely uninformed as to the evidence given in the

court below.   No part of the evidence is legitimately before them, and they are absolutely prohibited by most positive and peremptory rules, from noticing the paper appended to the transcript, and purporting to be a statement of the evidence signed by the Judge.   *It is no part of the record.*

The rule on this subject is thus laid down by an accurate writer on the subject.   " Whatever the error be, and in whatever stage of the case it occur, *it must appear on the record,* in order that a writ of error may be sustained.   And if the matter complained of do not necessarily appear on the record, the party contemplating a writ of error, should cause it to appear there, *by filing exceptions,* or requesting a special verdict."   *Howe's Prac.* 465.

In *McFaddin* v. *Otis,* 6 *Mass.* 323, the defendants moved for a new trial, on the ground that the court had instructed the jury contrary to law, and at their request, the judge reported the evidence and his instructions.   The motion for a new trial was overruled, and the defendant's counsel said he was instructed to remove the case into the Supreme Court of the United States by writ of error.   Upon which, the Superior Court of Massachusetts said, that the report of the judge was not made a part of the record, and, as the nature of the defence was apparent only from the report, he could have no relief by error to the Supreme Court of the U. States; and, that, if he had contemplated a writ of error, he ought either to have filed a bill of exceptions, or requested a special verdict.

So in the case before the court there is merely a report of the evidence, signed by the judge, and found among the papers.   It is no where even stated to have been prayed to be made a part of the record—the filing of it is not noted of record; and the case just quoted is as perfectly and conclusively in point, as any case could by possibility be.

So in *Coolidge* v. *Inglee,* 13 *Mass.* 50, the same court said, that the report of the judge is not a part of the record; nor are the reasons given for the final opinion of the court; nor the papers and documents filed in the case.

So in *Storer* v. *White,* 7 *Mass.* 448, the defendant was defaulted, and the plaintiff filed the note declared on, as evidence of damages.

Lenox *against* Pike.

The error assigned was variance between the note and declaration; and the court said, in the case before us, there appears to be no error on the record. For although such a note as is described in the assignment of errors was filed in the case, yet we cannot take notice of it as a part of the record, any more than we could of a deposition, or other piece of evidence filed."

*Pierce* v. *Adams*, 8 *Mass.* 383, was a case of the same kind, and the court there said, "It cannot appear to us that the note, a copy of which is sent up with the record, was the note on which the action was brought. But at any rate, it was merely evidence, and the defendant should have objected to its admission at the trial. If his objection had been overruled, he should have filed his bill of exceptions, and there would then have been 'matter on record to support his writ of error."

In this case the court finds among the papers an informal statement of the testimony in the case, which appears to be *signed, but not sealed* by the judge, which is not noticed on record, nor incorporated in a bill of exceptions; but was simply marked filed on the 12th of October, after the trial of the cause, and after the motion for a new trial was overruled. And the presumption therefore is, that it was a mere memorandum taken by the judge for his own private use, and inadvertently left among the papers. Most clearly is it no part of the record, and even were it a bill of exceptions, it would be excluded under the rule laid down in *Pope* v. *Evans*, and *Gray* v. *Nations*, by this court; for, in the very words of this court in the latter case, if exceptions, "it does not appear that they were taken during the trial or upon any motion made" in the court below.

" There are five legitimate methods by which matters of fact may be spread on the record. By *consent of parties—by special verdict— by oyer—by bill of exceptions—*and *by demurrer to evidence—*and there is no other method." *Cole* v. *Driskell*, 1 *Blackf.* 16; *Dougherty* v. *Campbell, ib.* 40. See also *Gist* v. *Higgins*, 1 *Bibb*, 304.

In *Goldsbury* v. *May*, 1 *Litt.* 254, the court said: " There appear numerous instructions to the jury in the cause, *signed by the Judge* and copied by the clerk. To some of them the word "given," and to others the word "refused," is annexed. But none of these, except

one, is made part of an exception, or is otherwise connected with the record. *Although there may be numerous loose papers in a cause, signed by the Judge,* and the clerk shall incorporate them improperly into the copy which he makes out for this court, we cannot notice them as a part of the record, unless they have been made part of it by exceptions or order of the court below." And see *Ashby* v. *Sharp*, 1 *Litt.* 166. *Patton* v. *Kennedy*, 1 *Marsh.* 389.

So in *Garland* v. *Bugg*, 1 *Hen. & Mun.* 376, it was decided that an affidavit for continuance was no part of the record, unless made so by exception. And see *Pendleton* v. *U. States*, 2 *Brock.* 75, that no fact not stated in a bill of exceptions will be noticed, on error. See also *Butcher* v. *Reil*, 1 *Mo. Rep.* 262; *Davis* v. *Burns*, ib. 264; and *Davis* v. *Hays*, ib. 270.

So in *Reid* v. *Rensselaer Glass Factory*, 3 *Cowen* 387, by *Foot arg.* it is laid down that there are but three ways of getting the facts upon the record. These are, by demurrer to evidence, bill of exceptions, or special verdict; and though the court of errors agreed that a history of the case might be brought up differently in New-York under their statute authorizing references, yet the whole court admitted that according to the English law the position of Foot was correct. See 5 *Cowen* 592. SPENCER, *Senator*, said, that " a case settled before a judge, in an ordinary trial at law, forms no part of the record of judgment, and is not brought up by a writ of error." *Ib.* 605. And see *Lanuse* v. *Barker*, 10 *J. R.* 312.

And see upon this point, *Caldwell* v. *Richards*, 2 *Bibb* 331; *Marshall* v. *Reid*, 1 *Bibb* 327; *Hardin* 507; *Fennie* v. *Martin*, 1 *Bibb* 41; *McLain* v. *Lillard*, 1 *Bibb* 146; *Adams* v. *Macey*, 1 *Bibb* 328; 3 *Marsh* 431; *Faulkner* v. *Wilcox*, 2 *Lit.* 370.

A bill of exceptions must appear *on its face*, to have been taken and signed at the trial of the cause. If *afterwards* reduced to form and signed, it must be signed *nunc pro tunc*, so as to appear to have been taken and signed during the trial. *Law* v. *Merrills*, 6 *Wend.* 278; *Walton* v. *U. States*, 9 *Wheat.* 651; *Exparte Bradstreet*, 4 *Peters* 107; *Shepherd* v. *White*, 3 *Cowen* 32.

Will a bill of exceptions or writ of error lie for refusing a new trial? See *Law* v. *Merrils*, 6 *Wend.* 278; *Henderson* v. *Moore*, 2 *Cond.*

Lenox *against* Pike.

*Rep.* 172; *Mar. Ins. Co.* v. *Young*, *ib.* 227; *Blunt* v. *Smith*, 7 *Wheat.* 272; 4 *Wheat.* 220; 2 *Day* 368; 1 *Conn.* 49; 6 *Conn.* 59; 2 *Binney* 93; *Burke* v. *Young*, 2 *Serg. & R.* 383; 1 *Littell Rep.* 305, *Outen* v. *Merrill.*

LACY, *Judge*, delivered the opinion of the Court:

In inspecting the transcript of the record sent up to this court, we find a paper appended to it, which purports to be a statement of the testimony given on the part of the plaintiffs in the case of Albert Pike and wife and O. H. Smith and wife, against John H. Lennox, in an action of detinue.

This statement details the evidence of Terrence Farrelly and Frederick Notrebe, and is signed by E. L. Johnson, Judge, and is marked filed October 12th, 1838, G. W. Stokes, Clerk.

The assignment of errors questions the correctness of the opinion of the court below, in overruling the defendant's motion for a new trial, and in rendering judgment in favor of the plaintiffs. Before we proceed to examine and discuss the question raised by the assignment of errors, it becomes necessary to determine whether the paper purporting to be a statement of the testimony in the case, signed by the judge and marked filed by the clerk, constitutes a part of the record or not.

In disposing of this preliminary question, we will consider in the first place what constitutes a court, and what a judicial record. A court is defined to be a place where justice is judicially administered. In all courts or judicial tribunals, the sovereign power of the government in contemplation of law, is always presumed to be present, and that sovereignty is represented by the judges, or other properly constituted legal officers, whose authority is only an emanation of the sovereign will. 3 *Blackstone Commentaries* 24, *Co. Litt.* 260. A court of record is where the acts and judicial proceedings are enrolled in parchment or on paper for a particular memorial and testimony, which *rolls are called the records of the court*, and are of such high and supereminent authority, that their truth is not to be called in question. For it is a settled maxim, that nothing shall be averred against a record, nor shall any plea or proof be admitted to contradict it. If the existence of the record be doubted or denied, that fact shall be tried by nothing

but the record itself, that is upon bare inspection whether there be any such record or no, else there would be no end of disputes.   2 *Tidd* 850; *Starkie on Evidence* 72.

Whatever proceedings or facts the law or the practice of the courts requires to be enrolled, constitute and form a part of the record. Such, for instance, are all judicial writs and process, finding of the jury, and the judgment of the court, and the like.   Whatever else that is not necessary enrolled, such, for example, as oral and written testimony, and exceptions taken to the opinion and judgment of the court, constitutes no part of the record, unless they are expressly made so by order of the court, by the agreement of the parties, by demurrer to evidence, by oyer, by bill of exceptions, or by special verdict. These are the usual and only legitimate modes by which matters of fact may be spread upon the record.   Cole v. *Driskell*, 1st *Blackf.* 16; *Gist* v. *Higgins*, 1st *Bibb* 304.

The question then is, does the paper found among the files of the clerk, which purports to detail the evidence in the cause, and which is signed by the judge, constitute any part of the roll or record of the court?   It certainly does not, for being merely a statement of testimony, it is never regarded by law, or the practice of the courts, to be necessarily enrolled.   There is no order of the court directing it to be spread upon the record, nor is there any agreement of the parties placing it there; and surely it cannot be pretended that it is put upon the rolls, by oyer, special verdict, demurrer to evidence, or bill of exception; then it can only be regarded as a mere loose paper on the files of the clerk, or the memorandum of the judge of his notes on trial.   It is appended to the transcript of the record sent up, and immediately follows the bill of exceptions that was taken upon the trial, and which by express order of the court was made part of the record. It is signed, not sealed, by the judge, and whether it contains all or any part of the testimony given on the trial, we cannot judicially know; for being no part of the record, we are not authorized to look into it, nor can a writ of error reach it.   If a party wishes to avail himself of any matter upon error that does not necessarily appear of record, he must file exceptions at the trial, or request a special verdict. In *McFaddin and others* v. *Otis*, 6 *Mass.* 323, the defendant moved

Lenox *against* Pike.

for a new trial, upon the ground of the instructions of the court being against law, and requested the judge to report the evidence and the instructions. The report was made, and after an opinion was intimated against the new trial by the Supreme Court of Massachusetts, the counsel for the defendant stated that the defence rested upon the embargo laws passed by Congress, as appears by the Judge's report; and he was instructed if judgment against his client, to move the cause by writ of error into the Supreme Court of the United States.

It was then observed to him by the court, that the report of the judge was not made part of the record, and as the defence was only apparent from the report of the judge, he could have no relief by error to the Supreme Court of the United States; and that if he had contemplated a writ of error, he ought to have filed a bill of exceptions, or requested a special verdict. The rule here laid down is conclusive upon the point now before the court, and the case in which it was stated is every way stronger than the one now under consideration. In the case above referred to, the report contained the defence and the instructions of the judges, and still it was held that the report is part of the record.

There is only a loose memorandum of a judge containing the notes of the testimony, and nothing more. In the case of *Coolidge* v. *Inglee*, 13 *Mass.* 50, the court held this language: "The report of the judge is not a part of the record, nor are reasons given for the final opinion of the court, nor the papers or documents filed in the case." In no possible aspect, then, can this statement of the testimony be considered as any part of the record; but even admitting it to be a bill of exceptions, which it certainly is not, still it would be excluded from our consideration, for it does not appear to have been taken during the trial, or upon any motion made in the court below. The object of a bill of exceptions is two-fold. First, it is to object to the opinion of the court on some point of law, and refers generally to the competency of witnesses, the admissibility of evidence, or the legal effect of it, and the like; and secondly, it is to reduce to writing and incorporate on the record, the substance of the transaction on which the opinion of the court is found, so that the court alone, when called on to revise the decision given, may be able to see and correct the error, if any

exists. In *Evans* vs. *Pope*, and *Gray* vs. *Nations*, it was decided by this court that bills of exceptions were only allowable during the trial, and that facts must appear on the face of the exceptions, if afterwards they are reduced to form and signed. They must appear to have been taken and signed at the trial. *Law* vs. *Merrills*, 6 *Wend.* 278; *Walton* vs. *U. States*, 9 *Wheat.* 651; *Exparte Bradshaw*, 4 *Peters* 107; 2 *Tidd. Practice*, 912.

The bill of exceptions which is made part of the record, calls in question the opinion of the court below, in refusing to set aside the verdict, and in not awarding a new trial. It is contended on behalf of the plaintiffs in error, that the Circuit Court erred in overruling the motion for a new trial, as the verdict and judgment on the case was contrary to law and evidence. It is a well settled principle, and one fully established by all the authorities, that he who impeaches the judgment of an inferior court, is bound to show to a superior tribunal in what the error consists of which he complains. He must be able to lay his finger upon the error, and point it out, if he seeks to review or correct it.

The reason of the rule rests alone upon the presumption, that the judgment below was right; and that presumption is strengthened and fortified by the universally admitted principle in all correct reasoning, that he who holds the affirmative of any proposition, is bound to prove it.

Hence it has been so repeatedly ruled in this court, that every thing will be presumed in favor of the verdict and judgment of the court below, except what is affirmatively disproved by the record, or what this court is bound judicially to take notice of.

By applying this principle to the case now under consideration, we will readily perceive how the matter stands. There is but one bill of exceptions filed in the case, and that contains no part of the evidence adduced upon the trial; neither does the record disclose in any part of it, what testimony was given or refused upon the hearing of the cause. It is wholly impossible, then, for this court to know how or in what manner the plaintiffs claimed title to the property in question, or what was the nature and character of the defence set up in bar of their right of recovery. Both the record and bill of exceptions

Lenox *against* Pike.

being wholly silent on these points. We are then necessarily com-
pelled to resort to the legal presumptions that arise in the case, and
which, of course, are binding and conclusive upon this court. We
are then bound to presume, that the plaintiffs established their right
to the property in dispute, by competent and satisfactory evidence, or
the jury would not have rendered a verdict in their favor. Without
such proof, the jury had no right to find a verdict against the defend-
ants, or the court to pronounce judgment upon their finding; whether
the facts or circumstances of the case did in reality warrant the jury
in coming to such conclusion, we have no means of knowing, but
that is the legal presumption, which, in the absence of all opposing or
contradictory testimony on the subject, we are bound to respect and
obey. The presumption stands in lieu of full and conclusive proof on
the point, and in legal contemplation, is in every way equal to it.
The declaration in this case is correctly drawn, and contains on its
face a good cause of action; the plea and joinder are regularly filed
and every way sufficient, and make up a valid issue between the par-
ties; the verdict is a response to that issue, and is strictly formal, per-
fectly legal.

It finds the slaves in the delaration mentioned, to be the property
of the plaintiffs, and it affixes their value severally and respectively.
It also finds their detention by the defendants, and awards a certain
amount of damages for the same. No valid objection then can be
taken to the finding of the jury, for their verdict is in accordance
with the most approved forms and precedents in such cases. 11 Co.
109; *Cornwell* vs. *Truss*, 2 *Munf.* 195; *Gordon* vs. *Harper*, 7 T. R.
9; 2d *Starkie on Evidence*, 288, 9. The only remaining question now
to be decided is, was the judgment in the court below rightfully given
in favor of the plaintiffs, or properly pronounced on the verdict? That
it was, is perfectly manifest from an inspection of the judgment itself.
After the *eois consideratum* is recited by the court, judgment proceeds
to declare that the plaintiffs do have and recover of the defendants,
severally and respectively, the slaves in the declaration mentioned, if
they are to be had, or if they or any of them are not to be had, then
it awards the value of each slave separately, as ascertained and fixed
by the jury. It further declares, that the plaintiffs do have and

recover of the defendant, the amount of damages as found by the jury, and that sum is set forth in the judgment for the detention and hire of the slaves while they were in the possession of the defendant, together with the costs of suit. The judgment in every particular follows the verdict, and corresponds with it. The writ of error sued out, denies the validity of this judgment. It is certainly valid and regular on its face. In what then does its illegality consist? It is pronounced upon a valid and regular verdict, presumed to be given on full and competent proof, and every way satisfactory to the minds of the jury who rendered it.

This is an action of detinue, where the plaintiffs sue for the recovery of the particular thing demanded, and the judgment *in such* form of actions must be in the alternative, and is given for the recovery of each particular item of property mentioned in the declaration, if to be had, or if not to be had, then it is rendered for the respective value of each article separately. It is usual for the jury to give damages for the detention of the property, and in such a case the judgment should pursue the finding, and award the damages assessed by the jury, with the costs of this. In the present instance, the judgment is in strict conformity with the rules just stated, and that being the case, it is fully sustained by all the authorities. *Higginbotham* vs. *Rucker*, 2 *Call* 313.

As it has been already shown that the legal presumptions are all in favor of the verdict and judgment of the court below; and as these presumptions stand unopposed and uncontradicted by any part of the record, it necessarily follows that there is no error in the opinions and judgment of the Circuit Court, now brought up for revision and correction. It may be, and probably is true, that the defendant had a good and lawful defence to the action. But, then, if he had, he has lost the benefit of that right by his own lashes, or that of his counsel. There is but one bill of exceptions taken during the trial, and that wholly fails to spread any part of the testimony on the record. It was unquestionably the duty of the defendant's counsel, in excepting to the opinion of the court in overruling his motion for a new trial, to have incorporated into the record all the testimony given in the cause, so that this court could have seen whether there was error or not in the decision and judgment of the Circuit Court.

Lenox *against* Pike.

If, in omitting to do this, the defendant's rights have been prejudiced and injured, the fault rests with himself and his counsel, and this court is not authorized, by bare possibility or conjecture, to supply any omission or mistake.

The legal consequence, then, attaches in favor of the verdict and judgment of the court below, and is decisive of the question. This being the case, it necessarily follows that the judgment of the Circuit Court must be affirmed, with costs.