JAMES DANLEY *against* ROBBINS' HEIRS.

ERROR *to Pulaski Circuit Court.*

Moving for a new trial is a waiver and abandonment of all bills of exceptions taken during the trial.

Upon a motion for a new trial the party may set forth the points on which he relies, and incorporate all the evidence adduced on the trial. He stands then in the same position as if he had taken no exceptions.

But if he moves for a new trial, and fails on that motion to set out the evidence, he abandons his bill of exceptions taken during the trial incorporating the evidence; and nothing is left on the record but simply a motion for a new trial, and a refusal.

Absent, RINGO, *Chief Justice.*

In this case several bills of exceptions were taken at the trial by the plaintiff in error. He subsequently moved for a new trial, without incorporating the evidence, otherwise than by his bill of exceptions. The case was argued here at full length, by PIKE for the plaintiff, and TRAPNALL & COCKE, ASHLEY & WATKINS, *contra.*

It is unnecesssary to refer to the argument, except so far as it relates to the point on which the case was decided.

WATKINS, for defendant in error:

We contend that the motion for a new trial is virtually a waiver of the exceptions. "If any defect of judgment happen from causes wholly extrinsic, arising from matters foreign to, or *dehors* the record, the only remedy the party injured by it has, is by motion for a new trial. But if any error in the proceedings appear upon the face of the record, the party injured by it has his remedy by demurrer, motion in arrest of judgment, or writ of error, according to circumstances." 15 *Petersdorff Ab.* 170, *note.* Thus showing the distinction between what is ground for a new trial, and for arrest of judgment, or writ of error. "Where a bill of exceptions has been tendered, the court will not grant a motion for a new trial unless the bill of exceptions be abandoned." 2 *Chit. Rep.* 272. "A party shall not move for a new trial after motion in arrest of judgment."

Danley *against* Robbins' heirs.

*Turbervill vs. Stamp*, 2 *Salk.* 647. Where there is a bill of exceptions a new trial shall not be moved for on the same point of law as is contained in the bill. *Fabrigas vs. Moystin*, 2 *Black*, 929; *Cowper*, 151; *Lofft*, 262. A new trial will not be granted where the party moving for it has a right to review, unless he will relinquish that right. 1 *Mass.* 237. After tendering a bill of exceptions, at the trial, a motion was made for a new trial. But the court said you must make your election either to abandon the bill of exceptions or this motion. This motion cannot be granted unless the bill of exceptions be abandoned. *Hanger vs. Mortryn*, 1 *Black.* 929. So on the other hand, where the defendant, pending his motion for a new trial, served the plaintiff with a copy of an allowance of a writ of error. The court held this to be an admission of the fact of the case, and refused to grant a new trial. 2 *Tidd.* 821.

LACY, *Judge*, delivered the opinion of the court:

The defendant below took several exceptions to the opinion of the court during the progress of the case, and afterwards moved for a new trial. The question to be determined is, is the plaintiff entitled to a motion for a new trial while his exceptions are in? This point has been expressly ruled by a series of adjudicated cases of too high weight and authority to be now questioned and disturbed. The policy and necessity of the rule is obvious, and rests for its support upon one of the most important and salutary principles in the whole science of pleading. In *Cunningham et al. vs. Bell, et al.*, Judge STORY says, " a motion for a new trial cannot be entertained according to the rules of practice unless the bill of exceptions is waived." A party has election either to proceed upon error, whether the points were correctly ruled at the trial, or waiving that remedy to stand upon his motion for a new trial. He cannot be permitted to proceed both ways. The ground for granting a new trial is that the party is without any other remedy. 5 *Mason*, 173; *Corlies et al. vs. Cummins*, 5 *Cowen*, 415; 1 *J. R.* 192, 5.

He who objects, and afterwards pleads over, cannot in general take any thing by his objection. It would be highly unjust to permit him to state his case upon a question of law, and when that has been ad-

judicated against him, to plead over, and take advantage of the error, if any there be, that he has expressly waived and abandoned. The party is always presumed to know the strength and merits of his own case, and to place it upon the most advantageous ground, whether in defence or in prosecution. This is a universal principle; and by abandoning any position which he may take, and afterwards resorting to another, he waives whatever advantage he might have had upon his first objection. If this was not the case there would be great uncertainty and confusion introduced in the science of pleading. This principle is strictly applicable to the case now before us. The party excepting has a right to stand upon his exceptions and have the questions brought up by error or appeal, if he thinks proper so to do. Or he may move for a new trial, and place himself upon the merits of his motion, and if that is adjudicated against him, he is entitled to the same remedy to correct the decision below. But so long as his exceptions are in, he is not entitled to a motion for a new trial. He may select either mode of proceeding, but when he has made his selection he is bound by it. The motion for a new trial is an abandonment of the exceptions, and that this is the correct rule there can be no question. To remove all doubt, however, it would be well to receive a waiver upon record before the motion is entertained.

The plaintiff, upon his motion for a new trial, may set forth the points upon which he relies, and also incorporate all the evidence adduced upon the trial. He stands then in the same position as if he had previously taken no exceptions. The application of this rule determines the point in controversy in the case before us. By abandoning his exceptions and failing to set out the evidence, there is nothing left in the record but simply a motion for a new trial and its refusal. The legal presumption therefore is that the court below rightfully overruled the motion for a new trial.

The judgment below must therefore be affirmed with costs.