## Bonne *vs.* Kay.

Where, in suit by a surviving partner, the declaration alleges the note to have been made after the death of the deceased partner, to the survivor, by his name and style of the firm, the breach need not negative payment to the deceased partner.

An instrument, of which oyer is craved, not brought on the record by order of the Court, by agreement of counsel, by demurrer to evidence, by oyer, by bill of exceptions, or by special verdict, is no part of the record. The party should have set it out in his demurrer.

THIS was an action of debt, instituted by Kay, as surviving partner of the firm of Greenfield & Kay, against Bonne, and determined in the Jefferson Circuit Court, in April, 1841, before the Hon. ISAAC BAKER, one of the circuit judges. The declaration alleged that the note was made, after the death of Greenfield, *to* Kay, as surviving partner, by his name, style, &c., of " Greenfield & Kay."

The defendant craved oyer, which was granted by exhibiting the original, and he demurred, without setting out the note, because the breach did not negative payment to Greenfield, and for variance. Demurrer overruled, and judgment for plaintiff. The defendant brought error.

*Yell,* for plaintiff in error. The breach must be assigned in terms coextensive with the contract, and not to be too narrow. Thus, in an action by the assignee, heir, or executor, the breach should be that the defendant did not perform the act to the original contractor or the plaintiff; and so, if it be against an assignee, heir, or executor, the declaration should state, that neither the original contractor nor defendant performed the act. And a declaration by husband and wife, or by an administrator, merely stating that the defendant did not pay before the marriage, or that he did not pay since the death, would be bad on demurrer, though aided by verdict. *Sel.* 1, *Saunders on Pleading and Evidence,* 163. 1 *Chitty on Pleading,* 328.

*Hempstead & Johnson,* contra. It is admitted that, in an action by a surviving partner, upon a contract made in the lifetime of the

deceased partner, it is necessary to show, in the declaration, that payment was not made to either.    There can be no controversy as to the principle.    *Lawes on Pl.* 263.

No greater certainty is required in pleading, than a clear and distinct statement, so that it may be understood by the opposite party, by the jury who ascertain the truth of such statement, and by the court who are to give judgment.    *Com. Dig. Pleader C.* 17.    *Cowp.* 617.    2 *Saund. Pl. and Ev.* 416.

Another sound rule is, that where an expression is capable of different meanings, that shall be taken which supports the averment, and not the other which would defeat it.    2 *Saund. Pl. and Ev.* 416. *The King vs. Stevens,* 5 *East. R.* 254.

The conclusion of the breach of the declaration is a general allegation, negativing the payment of the principal sum and interest, without confining it to the plaintiff in the suit, or any other person. This is a sufficient allegation of non-payment, and as broad as the contract.    1 *Vent.* 119.    *Lawes on Pleading,* m. p. 264.

*By the Court,* PASCHAL, J.    The errors assigned are, 1st, that the breach does not negative the payment to Greenfield, whose name appears in the declaration, but who is alleged to have been dead before the execution of the note.    This is a singular fact in the history of the contract; nevertheless, in this case the law will infer that the contract was made as it was alleged it was intended to be made, with the living party alone.    The declaration in this respect is inartificial, but we think the breach sufficiently broad for the instrument declared on.

The second error alleged is, that there is a variance between the instrument declared on and that given on oyer.    The record shows that oyer was craved, but it nowhere appears that the instrument sued on was made a part of the record.    It is true that an instrument or promissory note, suiting, in date and amount, is copied into the transcript sent upon to this Court; but this was filed a day after the craving oyer and filing demurrer; and, as it is not brought upon the record " by order of the Court, by agreement of counsel, by demurrer to evidence, by oyer, by bill of exceptions, or by special verdict," it forms

no part of the record. *Lenox vs. Pike*, 2 *Ark. Rep.* 14. When the plaintiff below craved oyer, if he desired to make the note declared on a part of the record, he should have set it forth in his demurrer.

Judgment affirmed.