## HOWARD ET AL. vs. MENIFEE.

It is not necessary that a paper should be filed by the clerk to authenticate it as part of the record; the signature of the judge, and a statement upon the record of its being filed is sufficient.

At common law, the husband was by marriage entitled to all the wife's personal estate, absolutely; this was a consequence of the destruction of the separate legal existence of the wife by marriage.

And this too, of any acquisitions by the wife after marriage, which enured to his benefit; and to which his assent was presumed.

There is a qualification of this rule in regard to the wife's *paraphernalia;* which was something over dower, or the widow's "reasonable part" of personal estate, and consisted in things of ornament and decoration.

Of these the husband might dispose in his lifetime, but not at his death.

The right of the widow was absolute as to this, except against creditors.

And if her paraphernalia was subjected, she might have the assets marshalled in equity.

A gold watch worn by the widow is paraphernalia; and may be subjected by the administrator to the payment of debts; her remedy is in equity for the value, if there be assets after the payment of debts.

A gift of a chattel to the wife, by a stranger, vests the legal title in the husband, but it is presumed to have been given to her separate use; and equity upholds the gift by making the husband trustee.

In such case the property would pass to the administrator clothed with the trust, but he is liable in equity for the value.

Trover would not lie for such chattel, the legal title would protect the administrator from damages for the conversion.

TROVER, in the Conway circuit court, determined in October, 1842, before the Hon. R. C. S. BROWN, judge thereof. Mary E. Menifee, widow, sued Howard, Mason, and Menifee, administrators of Nimrod Menifee, deceased. The declaration contained but one count for a gold watch, and one Durham cow and calf. The following facts were agreed upon by the parties, and submitted to the court sitting as a jury—to wit: That the plaintiff and the deceased were married in the spring of 1840; and that before marriage she was possessed in her own right of a gold watch, worth $150. After marriage at request of her husband she gave away the watch to her sister, and received therefor, from her husband, the watch in question, which she received and retained as part of her pharaphernalia until after his decease, in January, 1842. That after her marriage she received as a present the Durham cow to be held as her own property. The cow brought forth the aforesaid calf, in the lifetime of the deceased, and both remained in her possession as her own property, until after the husbands death. The cow was taken possession of by the plaintiff

in Kentucky. After death of husband, administration granted defendants in due form of law in said county; who proceeded to administer, and took possession of said property, before suit brought—demand made and refusal.

That the watch is worth $150; the cow $200; and the calf $100. And the defendants still refuse to give them up to her.

That at the time deceased gave the watch, he was possessed of property worth $25,000. That when the defendants took the goods, it was uncertain whether the estate was solvent or not.

That the plaintiff was possessed of the goods sued for, when taken by defendants, and she was in the possession, and used the watch from its first coming to her, until taken by defendants.

On these facts the court found for the widow. The defendants moved for new trial—overruled; and exception, setting out the agreement. The bill of exceptions was signed and sealed by the judge, and made part of the record. The defendants brought error.

*Linton & Batson*, for plaintiffs. The only question which can possibly arise in this case is, was the plaintiff below entitled to the watch as *paraphernalia?* If the estate was insolvent, she was certainly not. There is a distinction between articles of necessity and those of ornament. The former the wife is entitled to; the latter are subject to the payment of the debts of the husband, and where the estate is solvent, the wife is only allowed such ornaments or jewels as properly belong to the station she occupies in society. 4 *Bac. Abr.* 65, *tit:* "*Executors and Administrators.*

From the evidence, it is uncertain whether the estate is solvent, and the wife is not entitled to ornaments as her *paraphernalia* where there are not assets for the payment of debts. *Cro. Car.* 346. 1 *Rol.* 950. 2 *Story Eq.* 603.

The law looks upon husband and wife as one person, and will not allow the wife to have any property separate and distinct from her husband. 4 *Bac. Abr.* 65.

*Fowler and Cummins*, contra. The bill of exceptions in this case,

not being *filed*, cannot be regarded as part of the record. *Lenox vs Pike et al.*, 2 *Ark. Rep.* 14.

The widow had a right to the watch as part of her *paraphernalia* as against legatees and distributees, and all others except creditors. *Tipping vs. Tipping*, 1 *Pr. Wms.* 729.   1 *Bl. Com.* 444 *and* '5.

*Sec.* 7, *ch.* 49, *Rev. St.* enacts, "If there be no children or their descendants, father, mother, nor their descendants, or any paternal or maternal kindred capable of inheriting, the whole" (of the real and personal estate) "shall go to the wife," &c.   Under this provision the property sued for was absolutely the widow's, in the absence of proof of debts or heirs, &c.

*By the court*, SEBASTIAN J.   The question, whether the bill of exceptions, according to the established rules, can be judicially noticed, is easily determined by the cases heretofore decided in this court.   It is not necessary the paper should have been filed by the clerk to authenticate it as part of the record.   That is sufficiently shown by the signature of the judge, and the filing of the exceptions is stated upon the record.   It was made a part of the record, both by the order of the court and the agreement of the parties, and this sastifies the rule adopted in *Lenox vs. Pike*, 2 *Ark. Rep.* 14, according to its intention.

By the common law, the husband becomes entitled absolutely to all the wife's personal estate, by marriage, and acquired the absolute dominion and right of disposing of it.   This was the consequence of the destruction of the separate legal existence of the wife by marriage, by which her rights, capacity, and will was henceforth represented by the husband.   His right was the same to any acquisitions of the wife after marriage, which enured to his benefit, and to which his assent was presumed.   Unquestionably therefore, the property sued for must be considered at law as belonging to the husband in his lifetime.   There is however a qualification of the power of the husband over such property of his wife as is denominated her *paraphernalia*.   This was something over and in addition to dower at common law, or the widow's "reasonable part" of the personal estate of the husband, and consisted of such jewels, articles of luxury, or of personal ornament and

decoration as were used by the wife and suitable to her condition. Though the husband could dispose of them in his lifetime, he could not alienate them at his death. 1 *Peere Williams* 730. The right of the widow to that portion of the estate was absolute and exclusive, except as to creditors. She took it as against the heir or legatee, and in the order of paying the debts of the estate, the personal and then the real estate was applied. For this purpose she might have the assets marshalled in a court of equity, in exoneration of her *paraphernalia*, or to re-imburse the value when it had been subjected. *Grul son vs. Corbett*, 3 *Atkins* 370. *Tipping vs. Tipping*, 1 *Peere Williams* 729. 2 *Peere Williams* 542. From these and many other cases it is evident that the widow's *paraphernalia* could be subjected by the creditors, and that if subjected, equity gave her a claim of re-imbursement from the personalty and real estate. The right of the administrators to subject the gold watch as assets for the payment of debts cannot be questioned. Considering the facts of the case, it was certainly paraphernalia, and this question is one of which the court is to judge. A watch worn by the widow has been so expressly considered. 2 *Eq. Cas. Abr.* 156. Her remedy is in equity for the value, should there be assets after the payment of the debts, and no action can be maintained in the present form.

Her claim for the value of the other property mentioned rests upon a different ground. Although it legally vested in the husband, yet as it was the gift to the wife from a stranger, it is presumed to have been for her separate use, and equity regards it as her separate property and upholds the gift by making the husband trustee. In this case it is clear, from well settled principles that the property passed to the administrator, clothed with the trust, and he is liable in equity for the value. An action at law in this form cannot be maintained. The legal title would protect him from damages for a conversion, and as the administrator took, not for the creditors, but for the widow, he is to be considered as a trustee for her, and liable for the value of the property converted, when the proper remedy shall be resorted to.

Judgment reversed.