Mr. Justice Scott delivered the opinion of the Court. A preliminary question raised by counsel and discussed at full line seems decisive of the case before us. And, for this reason, as well as that it involves matters of practice of more than usual importance, as so many cases are brought into this Court to be reviewed on bill of exceptions to the overruling of motions for new trial, it deserves more than a passing notice. The right of this Court to entertain these questions arising on bill of exceptions, sustained, as it is, by eminent authority, (Hook vs. Nansey, 4 Hen, & Munf. 157. Keys & McFadridge, 6 Munf. 18. Bennett vs. Hardaway ad., ib. 125, and numerous other cases in the reports of the Court of Appeals of Virginia and of the General Court of that State,) having become firmly fixed in our system, it is to be regretted that any of the previous decisions ■of this Court on matters of practice touching this subject, from .indistinctness, when properly understood, not amounting to positive error, should have a tendency to bewilder or mislead the profession in preparing their cases for this mode of revision. The doctrine that a motion for a new trial is an abandonment of exceptions taken through the progress of the trial first asserted in Robins heirs vs. Hanley, (3 Ark. 144,) and ever since adhered to in numerous cases that have arisen, and in which it has been applied, has become as well settled as the right of revision itself. This rule, having had its origin in a system of jurisprudence that did not tolerate a review in an appellate Court of a refusal in a subordinate one of a motion for a new trial — or at least at a period before such review was tolerated — was founded not only upon well known rules of the common law designed to narrow the field of litigation and hasten the end of strife, but upon a favorite maxim of the courts of equity that required of the suitor to do equity when he sought it. By keeping in view, therefore, the reason of this rule, and looking to its application in the system of its origin, there can rarely be any difficulty in determining the extent of its application in our system; which differs only in permitting the same applicatiou for justice to be further prosecuted to the extent merely of having the application that was denied in the subordinate Court reviewed in an appellate Court. Originally, when the trial had ended, in the course of which the unsuccessful litigant had saved, by bill of exceptions, the various points ruled against him, there were two modes opened to him, by either of which he might have had his case reviewed. The one by writ of error, by which hé could obtain the benefit of. legal errors, which, by pleading over, he was not taken to have waived, and this without regard to the merits of his case. And the other mode was by motion for a new trial which was addressed to the discretion of the Court, to be granted or refused according to the merits, and was thus an appeal to the equity of the Court. It was not unreasonable, then, that the Court might rule him to a waiver of errors saved by bill of exceptions, in the course of the trial, as a condition for entertaining his motion for a new trial. The consequence was, that if the motion (heard on this condition as a pre-requisite) was refused, the case was at an end: because there being no review allowed of the refusal of the motion for a new trial, the party could seek justice no iur-ther in this mode; and having waived his exceptions taken in the progress of the trial, a writ of error could avail him nothing; and thus, upon the refusal of the motion for a new trial, strife was at once ended, so far, at least, as courts of law were concerned. In our system, there is, to all this, but the superaddition of a review of the motion for a new trial. Not a review of the whole case as upon error, for this mode of review has been cut off, or even a review of the whole case necessarily as upon motion for new trial, but a review simply of the particular motion for a new trial that was made, heard and refused in the subordinate court. The field of litigation having been now narrowed down to this, through a process, in its tendency and general features, not altogether unlike that by which in the science of pleading singleness of issue is produced. The motion for a new trial then being necessarily the basis of the primary action of the subordinate Court, as well as of the revisory action of the appellate Court, the greater or less comprehensiveness of this base (that is whether embracing one or many specific causes of law, fact, or both) must needs be,the measure of the range and scope of judicial examination for the merits of the motion. And, upon the result of such examination (within such range and scope) for merits in the case made and presented in the specific grounds set down in the motion, the granting or refusing of the motion depends. The'testimony being before the subordinate Court, although it might not be of record, that Court is thereby enabled to pass correctly upon whatever case may have been made by the motion. Not so, however, with the appellate Court, because whenever the facts or evidence are involved either directly or indirectly, and they be not of record, the same case that was made by the motion before the subordinate Court, cannot, in the nature of things, be brought before the appellate Court until these facts or evidence be first made of record. And although it may be a matter of no substantial consequence whether this be done before or after the refusal of the motion for a uew trial, it is, however, a matter of vital importance that it be actually done in some legitimate mode authorized by law, and that it appear that such were all the facts or evidence that was shown or produced on the trial of the case. Because all legal objections saved during the trial having been waived by the motion for a new trial, these cannot now be available, although embraced in the motion and made a portion of its ground, otherwise than as bearing upon the right and justice of the case made by the motion; and as this, in the nature of things, cannot be con-' sidered or arrived at without reference to the facts or evidence, it follows that, unconnected with these, the legal errors cannot be before the Court. Consequently, when the facts or evidence do not appear upon the record, there is nothing for the consideration of the appellate Court in reviewing a motion for a new trial upon bill of exceptions, the record in such case presenting only the bare motion overruled, which, under such circumstances, as has been frequently ruled here, will be presumed to have been properly done. Now, the preliminary question we are considering is, whether or not, in the case before us, the evidence is regularly upon the record, and, as the result of the foregoing views, ii this question be determined in the negative, the judgment of the Court must necessarily be affirmed. It requires no argument to prove that the evidence in this case, although incorporated in the motion for a new trial, is not a part of the bill of exceptions to the overruling of that motion, and consequently is not brought upon the record through this instrumentality. It is true that, in this bill of exceptions, reference is made to the motion as containing exhibits (A) and (B), but neither the motion, nor either of these exhibits, is asked to be made or taken as part of the bill itself. Nor is the evidence contained in any other bill of exceptions taken during the progress of the trial. If, then, it be upon the record at all, it can be so only because it is incorporated in the motion, and forms a part of the motion itself. And if so, it would seem to follow that it cannot purport any more as a matter of record than the motion of which it is a part. Now, it will not be pretended that what is stated in a motion is of the import of absolute verity: if so, when it would be stated in a motion for a new trial that the verdict was contrary to law or evidence, or both, or was the result of misdirection of the Court, it would have to be so taken and held, and would, therefore, be conclusive on a motion for a new trial. Then, although a part of the record in the same sense that a motion is such, it falls short in the aspect of verity of evidence brought upon the record by bill of exceptions, wherein the presiding Judge certifies in this mode what was deposed. But, it is urged that the certificate of the Judge, appended to exhibit (A), “that this is all the evidence taken in the cause,” supplies this deficiency. This, the doctrine laid down in the case of Lenox vs. Pike, (2 Ark. 14,) seems to forbid. It is there held, and we think correctly, that “ oral and written testimony, and exceptions to the opinion and judgment of the Court, constitute no part of the record unless they are expressly made so by order of the Court, by the agreement of the parties, by demurrer to evidence, by oyer, by bill of exception, or by special verdict.” By what express order of-Court, in this case, was it that the evidence contained in exhibit (A), was made expressly a part of the record for the purpose of being there exhibited as evidence, and as all the evidence produced on the trial ? None other is relied upon than that which directed the motion, of which it was a component part, to be filed as a motion; and we have shown that if such was the legal effect of that filing, other matters stated in the motion would, in like manner, be conclusive. Had exhibit (A) been made a part of the bill of exceptions to the overruling of the motion for a new trial, the case would have been very different, for then the evidence and fact certified (that that was all the evidence) would have been authenticated as such by a judicial act, (having been passed upon and so certified,) and in that case .regularly brought upon the record, not as a motion emanating from a party, but as evidence adjusted, and, as such, certified by an express order of the Court to that end. It is true that, in Lenox vs. Pike, there was no exception to the overruling of the motion for a new trial, and that the evidence was not incorporated in the motion, as in this case; but we have seen that no aid can be derived in this case upon the bill of exceptions ; and also that the order of the Court, directing the motion to be filed, cannot be taken to go the length of certifying the verity of the statements made in the motion : consequently, the verity that what is set forth in exhibit (A) was the evidence, and of the fact that it was all the evidence, has no order of Court to rest upon, and has nothing left for its support except the certificate and signature of the Judge to that exhibit; and the insufficiency of this- for that purpose was one of the very points ruled in Lenox vs. Pike. It seems inevitable, therefore, that the evidence in this case is not of record; and we feel constrained to decide accordingly, however averse we may feel to rest such a question upon a technical ground. Nevertheless, we would not go the length that is apparently indicated in Sawyer vs. Lathrop, (4 Eng. 67,) of requiring that the evidence should, in every case, be brought upon the record only after the overruling of a motion for a new trial. On the contrary, we think that if it may have been regularly brought upon the record before, and the record shows distinctly that all the evidence was so regularly of record — as might well be done in exceptions that might be taken by bill to the giving, and to the refusing to give instructions to the jury in order to show the application or misapplication of law to the facts — there would be no more necessity, in such case, of reproducing such evidence in the last bill of exceptions to the overruling of the motion for a new trial, than there would be to reconstruct any other part of the record: a mere reference in the bill of exceptions to matters of record in eitheii’ of such cases being the most that could be required. Because the waiver, which is the result of a motion for a new trial, is no mutilation of the record, producing thereby any necessity for its reproduction in the last bill of exceptions, but simply a waiver of the right to insist upon exceptions, taken during the .trial, as mere errors in law. But, nevertheless, the evidence can never be considered upon the record (and so of the fact that it is all the evidence) unless regularly placed there in some one of the modes pointed out in Lenox vs. Pike. And it may be doubted whether a mere order of Court, placing evidence upon the record, unless in response to, or in connexion with, or incidental to some action of the Court in the regular progress of the cause, would legitimately place such evidence of record. For want of the evidence in the case before us, the same not being of record, nor the facts established by it, there is nothing before us that we can notice except simply a motion for a new trial and its refusal; and, the legal presumption in such case, being that the Court rightfully overruled the motion, the judgment of the Court below must be affirmed with costs.