Mr. Chief Justice Johnson delivered the opinion of the Court. The testimony in this case has not been saved and presented to the consideration^ this Court in any one of the modes known to the law. (See Lenox vs. Pike, 2 Ark. 14.) This Court, in the case of Robins vs. Fowler, (2 Ark. 144,) laid down the principles applicable to new trials: 1st. The testimony must have been discovered since the trial: 2d. It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial: 3d. It must be material to the issue: 4th. It must go to the merits of the case, and not impeach the character of a former witness: and 5th. It must not be cumulative. The plaintiff in error having wholly failed to bring the testimony upon the record upon filing his motion for a new trial, it is now utterly impracticable for this Court to determine whether the additional evidence which he proposes to procure would go to the merits, or impeach the character of a iormer witness, or whether it would not merely tend to establish some point to which he offered proof upon the trial in this case. This Court, in the case of Robins vs. Fowler, already referred to, also said that “ the Court below, it is true, say that the testimony is material to the issue, but do not say that it related to any new fact. The whole of the evidence adduced before the jury, with that proposed to be produced, has been also before the Court below; that Court has thought proper, in the exercise of that legal discretion with which it is vested, to refuse the application. No doctrine is better settled than that which regulates applications of this sort, addressed as they are to the sound discretion of the Court. That discretion is to be exercised, it is true, not arbitrarily, but in consonance with the rules and usages of law in furtherance of the justice of the cause. From any thing apparent on the record, we are totally at a loss to perceive upon what fact it was expected this Court could predicate an opinion. The bills of exception contain no statement of the evidence given on the trial, and the record furnishes nothing from which we can infer either the nature or weight of evidence upon which the parties thought proper to rest the decision of their cause. As the party excepting to the decision of the Court has not thought proper to make the evidence produced on the trial part of the record, every intendment should be indulged against him, and in revising that' decision the Court is bound to presume every fact, susceptible of proof and not repugnant to the statements contained in the bill of exceptions, to have been fully established.” The doctrine there laid down applies here with its fullest force. In this case, there is no bill of exceptions whatever, nor even a statement of the evidence over the signature of the judge; and, as a necessary consequence, we cannot determine from the record whether the additional evidence sought would be cumulative or not, and, unless it is shown affirmatively that such would not be its character, we are bound to presume in favor of the judgment of thé Court below and sustain its decision in overruling the motion for a new trial. The judgment of the Circuit Court of Crittenden county, herein rendered, is, therefore, in all things, affirmed.