D. C. Goff Company *v.* First State Bank of DeQueen.

Opinion delivered October 24, 1927.

Fraudulent conveyances—bulk sales law.—A restaurant keeper, whose business it is to serve food and drink to the public, and who incidentally sells such merchandise as cigars, cold drinks and confections, is not a merchant within the bulk sales law, Crawford & Moses' Dig., § 4870, *et seq.*, as amended by Laws 1923, p. 340, and a chattel mortgage on his furniture, fixtures and equipment need not comply with such statute to be valid.

Appeal from Sevier Chancery Court; *Abe Collins,* Special Chancellor; affirmed.

*Lake, Lake & Carlton,* for appellant.

*Steel & Edwards,* for appellee.

McHaney, J. This appeal is prosecuted from a decree of the chancery court of Sevier County holding valid a mortgage on the furniture, fixtures and equipment of a restaurant or cafe known as the Bon Ton Cafe. Appellant is a creditor of this concern and appellee is the holder of a mortgage given to secure a valid indebtedness. In connection with its restaurant business, the Bon Ton Cafe had a soda fountain, sold cold drinks, cigars and confections. This was, however, incidental to its main business, that of serving foods to its customers. Appellant concedes appellee's indebtedness, but seeks to have its mortgage declared void under act 374, Acts of 1923, which is amendatory of § 4870 *et seq.,* C. & M. Dig., commonly known as the "Bulk Sales Law." The first section of said act reads as follows:

"The sale, transfer, mortgage or assignment, in bulk, of any part of or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conduct of any such business, otherwise than in ordinary course of trade and in the regular prosecution of the business of the seller, transferrer, mortgagor or assignor, and the purchaser, transferee, or assignee shall, at least ten days before the sale, or the giving of said mortgage, make a full detailed inventory and preserve the same, showing the quantity and, so far as it is possible with the exercise of reasonable diligence, the cost price to

the seller, transferrer and assignor of each article to be included in the sale; and also, unless the purchaser, transferee or assignee demands and receives from the seller, transferrer or assignor a written list of the names and addresses of the creditors of the seller, transferrer or assignor with the amounts of the indebtedness due or owing to each, certified by the seller, transferrer or assignor, under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and also unless the purchaser, transferee or assignee shall, at least ten days before taking possession of such merchandise and fixtures or paying therefor, notify, personally or by registered mail, every creditor whose name and address is stated in said list, or of whom he has any knowledge, of the proposed sale and the price, terms and conditions thereof. Sellers, transferrers, mortgagors and assignors, purchasers, transferees, mortgagees and assignees under this act shall include corporations, associations, copartnerships and individuals. But nothing contained in this act shall apply to sale by executors, administrators, receivers, trustees in bankruptcy, or any public officer under judicial process. Any purchaser, transferee, mortgagee or assignee who shall not conform to the provisions of this act shall, upon application of any creditor of the seller, transferrer or assignor, become a receiver and be held accountable as such to creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale, mortgage, transfer, or assignment; provided, however, that any purchaser, transferee, mortgagee or assignee who shall conform to the provisions of this act shall not be held in any way accountable to any creditors of the seller, transferrer or assignor for any of the goods, wares, merchandise or fixtures that may come into his possession by virtue of such sale, transfer or assignment.''

In the case of *Ramey-Milburn Co.* v. *Sevick,* 159 Ark. 358, 252 S. W. 20, this court held that the bulk sales law ''has no application to a manufacturing plant which sells its product merely as an incident to the business.'' In

*Fiske Rubber Co.* v. *Hayes,* 131 Ark. 248, 199 S. W. 96, an automobile agency and accessory business was held not to be within the bulk sales law. See also *Robbins* v. *Fuller,* 148 Ark. 173, 229 S. W. 8. In *State Bank of Siloam Springs* v. *Marshall,* 163 Ark. 566, 260 S. W. 431, 34 A. L. R. 202, this court, in defining a merchant or trader, said:

"One engaged in the business of running a boarding and rooming-house is not engaged in the purchase and sale of merchandise or chattels, but is engaged in furnishing the traveling public with a temporary home and with food. It is true that groceries and other merchandise are purchased for use in running rooming-houses and feeding the boarders, but the articles are used by the roomers, and served to the boarders in a changed form. It has been well said that to say that such a business is that of a merchant or trader is giving those words an elasticity of meaning not according to common usage" (citing cases).

It will be noticed from the language of the act that it pertains only to the business of merchandising—the business of a merchant or trader in merchandise—and the prohibition is leveled against the sale or mortgage in bulk of a "part of or the whole of a stock of merchandise, or merchandise and fixtures" of a merchant. Clearly, we think, a keeper of a restaurant, whose business it is to serve food and drink to the public, is not engaged in the mercantile or merchandising business, nor is he a merchant, within the meaning of the bulk sales law. Even though he may keep some merchandise which is used or useful in his business, including cigars and cold drinks, still we are of the opinion that this does not change the character of the business, but is only incidental thereto.

We therefore conclude that appellee's mortgage is valid, and that the chancery court correctly so held. The decree is accordingly affirmed.