ARNOLD BARBER & BEAUTY SUPPLY COMPANY *v.* PROVANCE.

4-9951 253 S. W. 2d 367

Opinion delivered December 22, 1952.

*Beloit Taylor* and *A. D. Whitehead,* for appellant.

*Dinning & Dinning,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant to recover a balance of $526.79 owed to it under a title retaining contract by which it had sold certain beauty shop equipment to Opal Parker. Upon the filing

of the complaint the plaintiff obtained a writ of attachment and had the sheriff take possession of the above equipment. The appellee, Virginia Provance, by intervention asserted that several months before the suit was brought she had formed a partnership with Opal Parker and had bought a half interest in the fixtures that were later attached. The intervener, alleging that the partnership property was not subject to attachment for Opal Parker's individual debt, sought damages for the wrongful seizure of the equipment. On an earlier appeal we held the intervention not demurrable, since by electing to sue for the debt the plaintiff had waived its retention of title. 218 Ark. 274, 235 S. W. 2d 970.

Trial resulted in a verdict for Mrs. Provance in the sum of $300. To support her claim for damages Mrs. Provance proved her written partnership agreement with Opal Parker, showed that she had bought a half interest in this and other equipment owned by Mrs. Parker, and testified as to the rental value of the attached property. In defense of the intervener's claim the appellant proved that Opal Parker, in selling an interest in her business, failed to comply with the Bulk Sales Law, Ark. Stats. 1947, §§ 68-1501 *et seq.,* and further that the partners had operated under a trade name, Opal's Beauty Shop, without having filed the certificate required of persons doing business under an assumed name. §§ 70-401 *et seq.*

The appellant's assignments of error all relate to the giving or refusal of instructions. It is said that the court should have directed a verdict for the plaintiff, upon the theory that since Mrs. Provance had just begun learning the business of cosmetology she could not have been damaged by the fact that the attachment had the effect of putting the firm out of business. But Mrs. Provance is suing not for loss of profits but for the rental value of her property while it was in the sheriff's custody, *Boatwright* v. *Stewart,* 37 Ark. 614, and her evidence sustains the amount of the verdict.

Another contention is that the court should have instructed the jury that Mrs. Provance, by entering the

partnership, became liable for all prior partnership debts and that this liability might be satisfied out of partnership property. This requested instruction is assertedly based on § 17 of the Uniform Partnership Act, Ark. Stats., § 65-117, but the statute is not susceptible of the interpretation urged by appellant. It applies only to one who enters an existing partnership, and here Mrs. Parker had done business by herself until the new concern was formed. What happened was that Opal Parker put encumbered property into the venture. Of course the appellant might have asserted a prior claim by replevying the property, but we held on the other appeal that it waived its superior title by suing for the debt. By that action it elected to look to Opal Parker personally for payment of its claim, and the Act is explicit in providing that a partner's interest in specific partnership property is not subject to attachment for such a personal debt. Ark. Stats., § 65-125 (2, c); Commissioners' Notes, 7 U. L. A. § 25. In this situation the Act allows a judgment creditor to obtain a charging order against his debtor's interest in the profits, § 65-128, but the appellant has not attempted to pursue that remedy.

We think the court correctly refused to instruct the jury to find for the plaintiff if the Bulk Sales Law had been disregarded in Mrs. Parker's sale of a half interest in the business to Mrs. Provance. By its terms that law applies to the sale of "a stock of merchandise, or merchandise and fixtures." § 68-1501. It does not, for example, affect the transfer of a restaurant devoted primarily to the serving of food and drink, even though merchandise such as cigars and confections is incidentally sold to patrons. *D. C. Goff Co.* v. *First State Bank of DeQueen,* 175 Ark. 158, 298 S. W. 884. So here, the operators of the beauty shop were engaged principally in the rendition of services and made only isolated sales of minor items such as lipstick.

Another refused instruction would have unconditionally directed the jury to return a verdict for the plaintiff if it were found that the partners had engaged

in business under a trade name without having filed the certificate required by Act 11 of 1943. The charge, in the form offered, was properly rejected. The statute does not by its terms deny all recourse to the courts to those who ignore its provisions; it merely imposes a small fine for disobedience. § 70-405. Under an assumed name statute of this type it is usually held that noncompliance does not prevent the partners from maintaining a tort action. *Denton* v. *Booth*, 202 Mich. 215, 168 N. W. 491, 2 A. L. R. 114. This should certainly be the rule when the failure to file the certificate "has no causal relation to the injury." *Hudgens* v. *Douglas*, 56 Ga. App. 877, 194 S. E. 398. Here the appellant made no effort to establish such a causal connection, as by proof that it searched the public records before attaching property thought to belong to Opal Parker alone. Even had such evidence been offered its weight would have been for the jury rather than for the court. Hence the court properly declined an instruction which would have required the jury to find for the plaintiff upon the fact of noncompliance only, without regard to the issue of proximate cause.

Finally, in closing its brief the appellant rather casually criticizes the instructions that were given. These instructions take up more than four pages in the printed abstract, but the appellant has only this to say about them: "Appellant insists that the oral statement by the court, the oral instructions and the court's four written instructions were misleading and not backed up by the evidence and the law." We do not regard this statement as a sufficient assignment of error. An appellant must specify the mistake he complains of. "He must be able to lay his finger upon the error, and point it out, if he seeks to review or correct it." *Lenox* v. *Pike*, 2 Ark. 14. This appellant's criticism of the court's instructions amounts to no more than a conclusion of law; no doubt its insertion in the brief was based on the hope that we might discover some inaccuracy not perceived by counsel. This practice is not uncommon, however, and we think it not amiss to say that, except in reviewing

felony convictions, we must decline invitations to search for errors not specifically brought to our attention.

Affirmed.