300 So.2d 286 (1974)
James L. YARBROUGH and Jewel C. Yarbrough, Appellants,
v.
Dorothy C. ROGERS, Appellee.
No. 73-655.
District Court of Appeal of Florida, Fourth District.
September 13, 1974.
John L. Willis and Marcia L. Ramsdell of Schwarz, Willis & Pugh, Orlando, for appellants.
Jerry S. Luxenberg, Orlando, for appellee.
DOWNEY, Judge.
The primary question involved in this case is whether or not the sale of a beauty *287 salon business is subject to Chapter 676, F.S., 1973, commonly known as the Bulk Sales Law.
The appellants purchased a ladies beauty salon business known as Continental Coiffures Beauty Salon from Steven Menyhart who had purchased the business during divorce proceedings from his wife, the appellee herein. As part of the purchase price Mr. Menyhart had given his wife a promissory note for $7,000, the bulk of which remained unpaid. The evidence shows that appellee informed appellants of her erstwhile husband's obligation to her arising out of the sale of the business to him.
The trial court found the conveyance from Menyhart to appellants violated Chapter 676, F.S., making the transfer void as against Menyhart's creditor, Rogers. The sole point on appeal is whether Chapter 676, F.S., applies to the sale of an entire beauty salon business. The authorities which have interpreted the bulk transfer section of the uniform commercial code generally hold the sale of such businesses are not affected by the act.
Chapter 676, F.S., 1973, is known as the Uniform Commercial Code  Bulk Transfers. Section 676.6-102(3), provides:
"The enterprises subject to this chapter are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell."
The purpose of the bulk sales law is the protection of those who extend credit on the strength of a debtor's inventory. 20 University of Florida Law Review 158. The Official Code Comment found in 19B F.S.A., § 676.6-102, contains the following statement:
"The businesses covered are defined in subsection (3). Notice that they do not include farming nor contracting nor professional services, nor such things as cleaning shops, barber shops, pool halls, hotels, restaurants, and the like whose principal business is the sale not of merchandise but of services. While some bulk sales risk exists in the excluded businesses, they have in common the fact that unsecured credit is not commonly extended on the faith of a stock of merchandise."
In 37 Am.Jur.2d, Fraudulent Conveyances, § 256, the general rule is stated:
"The bulk sales laws do not generally apply to persons who, though selling goods, primarily sell their services. In this category are restaurants, beautyshop operators, and owners of repair shops."
In Arnold Barber & Beauty Supply Co. v. Provance, 221 Ark. 385, 253 S.W.2d 367 (1952), the Supreme Court of Arkansas held that the bulk sales law of that state was not involved in the sale of a beauty shop because by its terms the law applied to the sale of "a stock of merchandise, or merchandise and fixtures."
Thus, it appears that generally speaking a beauty shop or beauty salon is not subject to Chapter 676, F.S., because ordinarily that type of business is primarily a service business as opposed to one dealing primarily in the selling of merchandise. However, without evidencing a chauvinist ignorance, we suppose a beauty salon could be primarily or totally engaged in selling merchandise of a cosmetic nature, in which case Chapter 676, F.S., might well be applicable. In any event, it surely is not the subject of judicial notice, and the testimony in the court below is devoid of any proof which would indicate the exact nature of the businesses carried on by Continental Coiffures Beauty Salon.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions that the trial court take further testimony pertaining to the type of business carried on by Continental Coiffures Beauty Salon so that the court can then determine whether the transfer in question falls within the purview of Chapter *288 676, F.S. Upon making that determination, consistent with the holdings of this opinion, the trial court should then enter an appropriate final judgment.
Reversed.
CROSS, J., and NANCE, L. CLAYTON, Associate Judge, concur.